Good afternoon. If it pleases the court, I'm Jason Bach on behalf of the appellant Megan Kransky. We are here on our appeal of the district court's granting of a 12 v 6 motion to a defense, a motion to dismiss, excuse me. Essentially what the district court said was a there was no constitutional violation here, and b, if there was, that qualified immunity should apply. Our allegations and our complaint essentially have two different components. There is a due process allegation, both procedural and substantive. In addition, there is an unlawful arrest that is also alleged. It's important to realize what the allegations are here that are made in this complaint. What the allegations are is essentially that there was a conspiracy by these school officials to concoct a story, if you will, to make a preemptive strike against my client before she could file a formal complaint against their track start. Well, leaving aside the allegations concerning the unlawful arrest, wouldn't you agree that most of the damages that you seek have to do with reputation damage? Well, there are reputation damage. There is the mark on her transcript, which now she has graduated and is unable to get into graduate schools as a result of this mark being put on her transcript. But also in this case, there is also substantial emotional damages as well. She's been treated by either a psychologist or a psychiatrist since this incident has taken place. It's important to note that, you know, you said to put the unlawful arrest aside, but a lot of her damages include, you know, spending the night in jail, which is something that this young lady had never obviously encountered before. But essentially what the school did here was they created the story, contacted the police, contacted other school officials who then brought formal charges against the student, which resulted in this mark being put on her transcript. Counsel, you have indicated that you wanted to amend the complaint. Did you make a motion to amend the complaint, or how did that come up before the court? Well, there was never a motion to amend the complaint. There was a motion to dismiss. We, of course, opposed it. And, of course, what we said in our opposition to the motion was that in the event that the court believed that our complaint was in any way deficient, that we would like the opportunity to amend the complaint. So how would you amend it? Well, that's a good question, because if you look at the transcript of the hearing, if you look at the transcript of the hearing that the judge issued, he never said what he believed were the deficiencies in the complaint. He – all he simply said was, I don't believe there's been a constitutional violation, and I – and if there was, they're entitled to qualified immunity. Right. So how would you amend – I guess the question is, how would you amend a complaint to get over the – get around that ruling? Well, we obviously disagree with that, but in the event that – Focusing just on the leave to amend issue, it strikes me that basically all of your eggs are in this basket. You've got to win straight up or not. Any amendment would – if we sent it back for that, would suffer the same deficiencies, if we found them to be correct, right? Well, not necessarily. And, again, it's difficult to answer that question not knowing what the district court felt were the deficiencies. Did you – I mean, my worry is that, just what my colleague said, if there's nothing to be pled that hasn't been pled, then I don't know how amending the pleading would do any good. Well, we certainly are aware of many more facts now than we were when we first drafted a complaint. So, essentially, the allegations that we could add to this complaint at this point is to be more specific about the actual conspiracy that took place, who it took – who it occurred between, what school officials were actually involved in this. But essentially what the district court said, though, especially as to the non-wrongful arrest claims, is that you have a problem with Paul B. Davis. You have enough constitutional violations. And it strikes me that the core of your complaint is there. Wouldn't you agree? I'm just struggling because if we are to reach the leave to amend issue – and I don't know if we will get that far. We may just – we'll decide it straight up one way or the other. But I'm struggling with what additional theory you would assert that you think would overcome the district court's ruling. Well, you know, the essential issues are in the complaint, I believe, and I have believed all along. Well, basically, the damage is going to be the same, emotional damage and reputational damage on that. And then, of course, the damages that might flow from the alleged wrongful arrest. Right. I mean, and the – I realize you can be more specific about the conspiracy, but that didn't seem to be the area that concerned the district court. Well, if school officials are creating a story to basically make a preemptive strike against someone, creating a story to pass along onto the police, creating a story to pass along to other officials to allow disciplinary charges to be initiated and followed through against her, if any court were to feel that that was not properly alleged in the complaint, we would be happy to expand upon that and provide the court – the district court with the understanding that it needs as to what her allegations are here. At the time of the hearing on our motion to dismiss, I got the overwhelming impression that perhaps the court wasn't exactly aware of what her allegations were in the complaint. I believe that they're there, but I felt that perhaps he wasn't aware. But to get to some of the individual issues here in dealing with the issue of procedural due process here, we're no longer talking about the conspiracy issue, the – essentially the substantive due process issue here of concocting a story to – out of ill will or bad faith to go after my client. What we're talking about here, in addition to that, is that the university has rules. They have established a student conduct code. And in addition to that, all of the schools, colleges, and universities in Nevada have an NCHI code, it's called, a Nevada System of Higher Education code. In that code, it specifically allows that students, when faced with disciplinary charges, may be represented at that time by counsel. In addition to that, my client and her attorney at the time contacted the university, contacted the officials and said, hey, I just want to be clear, she's going to be allowed to be represented by counsel at the time of this hearing. And they said yes. Seconds before that hearing was to take place, my client and her attorney were informed that no, he would not be allowed to participate, he would not be – she wouldn't be allowed to be represented. He could be there, but essentially couldn't talk. Well, this changes – this changes everything. They have prepared – this defeats the entire notion of notice. The purpose of notice of a hearing is to say, here are the charges against you and here is the type of hearing that you're going to have. You're provided with the rules. In addition to that, they follow up and confirm that, in fact, he's going to be allowed to represent her at the time of the hearing. Now all of a sudden, just seconds before, she's going to be the one who's going to have to present the case, cross-examine witnesses, and these are things that she wasn't prepared to do. She was prejudiced. Well, accepting that, I mean, I understand why you think it's unfair. But for a federal claim, you still have to have a deprivation of property. And so what do we have here? What was she deprived of? Well, she was deprived of her – I mean, they're depriving her of her education, which, I mean, there's a – Well, she got the education. Well, she got the education, but she also got the mark on her transcript that prohibits her from continuing on with her education. So I think that she does have a property right here in the sense that, you know, she's – here's a student who not only did nothing wrong, but didn't receive any type of notice, essentially, because of them changing the rules on her at the last minute. And we have to look at – you know, essentially what the district court said was, you know, the cases out there don't support that an individual is entitled to an attorney at the hearing. And that's essentially right. You know, with the exception of one case out of Puerto Rico, that's essentially right. Students are generally not allowed to have an attorney. However, that is not what we are arguing here. We're not saying that she's entitled to have an attorney per se. We're saying that the school is required, pursuant to due process, to follow the rules they have in place and to follow the rules that they pass along to the student and say, here's the type of hearing that you are going to have here. To change the rules – to tell them one thing and to change the rules at the last second is a deprivation of due process. And, you know, we also have to look at what was her risk of going into that hearing. It wasn't just to – you know, I mean, she essentially could have been suspended and expelled from school at that hearing. Fortunately, all she had was, you know, the mark on her transcript and the fact that she is now essentially precluded from going to any type of graduate school because of this mark on her transcript. Addressing these substantive due process issues here, both the Sixth and Eighth Circuits have said that students are entitled to or do have rights of substantive due process. I know that the appellees are arguing that that is not the case. Even this Court has said that when there's no rational basis to state action, that there is a deprivation of substantive due process. Keep in mind, again, what we're alleging here. This conspiracy – I mean, this is a 12 v. 6 motion here. So once the evidence comes together, once we're allowed to present that evidence, we're alleging that they conspired to commit these acts against my client. There's no rational basis for that. It's nothing but bad faith and ill will. And this Court has said that when it is – when state action is based on bad faith and ill will, that there's a substantive due process violation. False arrest. Well, I'll reserve the rest of my time. Okay. Very good. We'll hear from the University. Good afternoon. May it please your Honors Counsel, Mr. Bach. My name is Susan Carrasco-O'Brien. I represent the State of Nevada, Nevada System of Higher Education, the University of Nevada, Las Vegas, as well as the individual university defendants in this matter. To begin, your Honors, I would like to specifically point out that the way the plaintiff gets into federal court is alleging a federal cause of action. Ms. Kransky brought her claims to the federal court pursuant to 1983. 1983 is the vehicle by which she alleges a constitutional right has been violated. Okay, Ms. Kransky, what constitutional rights have been violated? She alleges due process infringement, substantive due process infringement, and a Fourth Amendment search and seizure violations. To get to 1983, you've got to get, when you're suing the state, you've got to get past the 11th Amendment. And under the 11th Amendment, the state has immunity from a cause of action under 1983 by a plaintiff like Ms. Kransky. How do you overcome the 11th Amendment? By suing state officials, naming state officials in their official capacity via seeking injunctive relief. So that you are trying to get the state actors who are operating under color of law from stopping any alleged constitutional violations. Or you sue them in the individual capacity for damages. Correct, Your Honor. And then also the ability to sue individuals in their individual capacity for money damages. Right. Okay. Counsel? Yes. The allegation that she still has this bad mark on her transcript, removal of that would be a form of injunctive relief that could be achieved. Is that correct? That is correct. And, Your Honor, thank you for raising the issue of the mark on her transcript. Because if you look at the complaint, Ms. Kransky alleges that there's a hold on her transcript, which there would be if there had been disciplinary proceedings through the school and she hasn't completed them. Once a student completes the disciplinary sanctions, then a hold is lifted and the student goes on their merry way. And that's just so that they can keep tabs on are students complying with the required sanctions or not? Or are they continuing to register in classes without having to abide by the sanctions? Now, Mr. Vavra... Counsel? I'm sorry. Counsel, can you tell us exactly what her transcript shows today? Suppose I'm an administrator of a graduate school and I ask for her transcript. What does it show? Does it still show...? You're going to see... It doesn't... ...that if there is any hold left, it would be because the sanctions haven't been completed. So it's a conduct hold. Okay, conduct hold. But there is nothing to prevent Ms. Kransky from applying or getting admitted into a graduate school. How do we know that on a 12b-6? They've alleged in their complaint that you have a hold on her transcript and that you can't get a graduate education. That's the complaint. Now, you're saying, well, I have a factual defense for that. But if that's true, then we're beyond the scope of 12b-6. That's true. But in the complaint, if the court looks at the complaint, it doesn't allege that she's applied for graduate school or that she's prevented from applying to graduate school. It just says that there's a hold on her transcript that's caused her some sort of general language that caused her injury. Anyway, it doesn't talk about graduate school and infringement or ability to go on to graduate school. The Court is right. We're just looking at this as a 12b-6 claim, a 12b-6 motion. Right. But I think we started off you started off by saying the Eleventh Amendment borrows it. Judge Fletcher rightly pointed out that there's a declaratory and injunctive relief aspect of the complaint and the sixth cause of action that would not be subject to the Eleventh Amendment. Right. So. No. And as to the officials, as to the officials suing their individual capacities for this type of relief, the Court determined, look, you haven't made out a claim for a due process right. There is no constitutional right here to even get to your request for injunctive relief. Well, let me ask you something that's a little beyond the scope of it, but I'm trying to get at the problem. Do you know what's on the transcript? Do you know that there's a hold on the transcript? I don't know that there is a hold on the transcript. My assumption is that Ms. Kransky finished her sanctions and she moved on and she's. And I gather, as representing the State of Nevada and the University, you're telling us there's no reason to have a hold on the transcript if there is one, right? If Ms. Kransky completed the sanctions, there would be no reason further to be a notation on the transcript. So isn't that a solvable problem? I think I'm not understanding the Court's. Well, I mean, here we are in federal court. They are asking for an injunction to lift the hold on the transcript. He alleges that she can't get into graduate school because of the hold. You say there's no hold. It seems to me that part of the complaint is a solvable problem. Right. But I don't think Mr. Bach is saying here today that there is an actual hold on her transcript preventing her from going to graduate school. He's saying there's something on the transcript. You don't know what it is, right? I don't know what it is, and I'd like Mr. Bach to be able to come forward and say, you know, when's the last time he tried to get a transcript from the school and they said no because there's a But what's at stake for you here is that this is something that's not barred by the Eleventh Amendment. That aspect of the suit is not barred by the Eleventh Amendment. So that's what's that's what arguably might be left in this case. And that sounds like it's a pretty small piece of it if it's a solvable problem. That's what I'm suggesting. It's beyond what we're doing today, but that piece seems to me that the two of you could talk about that and get it resolved. I can appreciate the Court. Thank you for raising that. But, you know, as far as the Court's decision on the motion to dismiss, you know, the Court asked Mr. Bach today, what could you do to amend the complaint? You know, do that. Go to Judge May and file a motion to amend and tell the jury. Well, he did ask to amend in the response, and the judge didn't rule on that. So that may be something we have to send back. Well, and I think the reasonable thing would have been for Mr. Bach to re-raise the issue when we finished our argument on the motion to dismiss. But if I may, Your Honor, I see the Court's point, but I, you know... No, I'm just raising that because I don't want you it seems like everybody in this particular it seems in this particular case aside from the claims for damages that there are solvable problems that don't require the intervention of the Federal Courts. I would agree very much with Your Honor. This is about students having to understand that if things they do something wrong do what you need to do and the University won't engage in leaving things on your transcript. They're not allowed to just arbitrarily and capriciously put notations on students' transcripts. That's not how the University operates. Well, that's that's the essence of the suit and even if it doesn't proceed in Federal Court you can still bring it in State Court where there are there's no 11th Amendment immunity at all and there may be additional remedies in terms of what he or she he on behalf of his client can compel. Thank you, Your Honor and that's correct. Mr. Bach has filed the claim in State Court the State claims and I would just like to raise to the Court that the conspiracy claim alleged by the plaintiff is not one sounding in Federal law principles. It is one of a State law nature and yes it is in the State Court complaint and we'll be addressing that in that litigation. So as far as a Federal conspiracy claim there's just what isn't one alleged in the Federal complaint. Unless the Court has any other questions Judge Fletcher do you have any further questions? No. I just would say that I just have a sense that rather than being so litigious the University should have sought to solve this case. Okay, Your Honor and I appreciate that comment. I think what the problem with just simply removing a hold from a student's transcript when they haven't completed which is where we were. We haven't discussed negotiations or resolution. And we don't necessarily want to get into any discussion Judge Fletcher. I'm   get into that. But we shouldn't be here arguing about whether there's a hold or not in a transcript and she's able to pursue her graduate education if you say there shouldn't be a hold. That's not what we're  do. We don't have a hold  the transcript. We don't have a hold on the transcript. We don't have a hold on the transcript. We don't have a hold on the transcript. We don't have a hold on the transcript. And so the military conduct probation that the student was under. So it's not just a matter of the military  that the student    don't have a hold on the transcript. We don't have a hold on the transcript. We don't have a hold on the transcript.      hold on the transcript. So we don't have a hold on the transcript. We don't have a hold on the transcript. And so the military conduct probation that the student     under  transcript. And so the military conduct probation that the student was under the transcript. And so the military conduct probation        so the military conduct hate probation that the student was under   the president of the United States .
judges: Fletcher B. , Thomas, Smith R.